IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-00018-RPM-CBS

FORT PECK HOUSING AUTHORITY,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
ALPHONSO JACKSON, Secretary of Housing and Urban Development, and
MICHAEL LIU, Assistant Secretary for Public and Indian Housing.

        Defendants.

---

## ORDER DENYING PLAINTIFF'S RULE 59(e) MOTION

---

Pursuant to the Memorandum Opinion and Order of May 25, 2006, judgment entered on the same day declaring 24 C.F.R. § 1000.318 invalid, directing that all Mutual Help and Turnkey units owned or operated by Fort Peck Housing Authority (FPHA) pursuant to an Annual Contributions Contract as of September 30, 1997, must be included in the formula for determining its allocation of the annual Congressional appropriation for Indian Housing Block Grants, and ordering the defendants to take such administrative action as necessary to implement the court's ruling.

On June 9, 2006, FPHA moved to alter or amend that judgment, or alternatively to clarify it pursuant to Rule 59(e), to grant its claim for a refund of $513,354.00 that FPHA paid to the Department of Housing and Urban Development (HUD) in 2002 in partial satisfaction of claims

-1-

of overpayment of the plaintiff's entitlements to block grant funds between Fiscal Years (FY)

1998 and 2002.  FPHA argues that this court has authority pursuant to 5 U.S.C. §§ 702 and 706

and 28 U.S.C. § 2202 to order the requested monetary relief.

The history of FPHA's payments to HUD and HUD's application of the $513,354.00 is

described in the declaration of Jacqueline A. Kruszek, a HUD employee who works as a Grants

Management Team Leader in the headquarters of Native American Programs, a component of

HUD's Office of Public and Indian Housing.[1]  Ms. Kruszek's declaration describes the dates and

methods by which FPHA made two payments to HUD in 2002, in response to HUD's request for

the return of monies which HUD considered to be grant overpayments.  Kruszek dec. ¶¶ 4-5.  The

grant monies that FPHA returned to HUD in 2002 were treated as unobligated funds and were

added to the FY 2003 appropriation for all tribes' block grants.  *Id.*  These funds, and similar

funds received from other tribes, were distributed to the tribes for their housing needs with the

funds from the FY 2003 appropriation.  *Id.*

The defendants responded contending that this court has no authority to grant monetary

relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (APA) and the request raises

a moot issue because the funds received from FPHA were distributed to other tribes as part of the

distribution of funds appropriated for block grants for FY 2003.  The defendants further contend

that granting the request for payment would violate the Appropriations Clause in Art. I, § 9, cl. 7

of the United States Constitution.  Finally, HUD argues that the plaintiff has an adequate remedy

with the meaning of 5 U.S.C. § 704 in the Court of Federal Claims.

---

[1]Ms. Kruszek's declaration is Exhibit A-1 to defendants' response to the plaintiff's Rule
59(e) motion.

The mootness argument is dispositive of this motion.  It is supported by precedent, particularly *City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421 (D.C. Cir. 1994). Additional support is found in *Population Inst. v. McPherson*, 797 F.2d 1062, 1081 (D.C. Cir. 1986); *West Va. Ass'n of Cmty. Health Ctrs. v. Heckler*, 734 F.2d 1570, 1576-77 (D.C. Cir. 1984); *Ambach v. Bell*, 686 F.2d 974, 986 (D.C. Cir. 1982).

The relief requested is not an available remedy under the APA because it constitutes money damages contrary to the restriction in 5 U.S.C. § 702.  The plaintiff relies on *Bowen v. Massachusetts*, 487 U.S. 879 (1988) as authority for its contention that the refund would not be money damages because HUD's calculation of overpayment was based on an invalid regulation. FPHA claims that it is entitled to the amounts it received under the proper formula and it is therefore in a position analogous to that of the Massachusetts Department of Public Welfare in *Bowen*.  The analogy is not apt because the funds repaid have been re-distributed and, accordingly, the order requested would be "substitute relief" within the distinction drawn by the Supreme Court in *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 262 (1999).  Payment to FPHA of the amount requested must come from a source of funds other than the appropriations made for the fiscal years in issue in this case.

The alternative relief requested by the plaintiff is a direction to HUD "to take such administrative action as necessary to implement the court's ruling" to specifically direct that the overpayment be refunded.  That is not different from a money judgment in its effect.  This court's intention in directing further administrative action was and is that HUD take whatever action may be appropriate within its regulatory authority to adjust for its errors in computing the FPHA entitlement for the years FY 1988 through FY 2002 using current funds appropriated and

undistributed for housing block grants.  The manner of such adjustments is with the agency's

sound discretion.

Accordingly, its

ORDERED, that the plaintiff's Rule 59(e) motion is denied.

Dated: August 1, 2006

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge